UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KELVIN L. JOHNSON, | ) | |
| Petitioner, | ) | 2:11-cv-00072-JCM-VCF |
| vs. | ) | **ORDER** |
| DWIGHT NEVEN, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss. (ECF No. 5).

**I. Procedural History**

On April 12, 2007, the state filed an information charging petitioner with murder with the use of a deadly weapon. (Exhibit 5).[1] On December 30, 2008, the state filed an amended information charging petitioner with one count of second degree murder and one count of burglary while in possession of a firearm. (Exhibit 6). Also on December 30, 2008, a guilty plea agreement was filed, pursuant to which petitioner agreed to plead guilty to count 1, second degree murder, and count 2,

---

[1] The exhibits referenced in this order are found in the court's record at ECF No. 6.

burglary while in possession of a firearm, as set forth in the amended information. (Exhibit 7). Petitioner agreed to waive any defects in the pleading as to count 2 and stipulated that count 2 would run consecutively to count 1. The state agreed to argue for no more than five years on the low end of count 1. Both parties retained the right to argue on count 2. (*Id.*).

On February 12, 2009, petitioner's counsel filed a sentencing memorandum. (Exhibit 8). Petitioner was sentenced on February 17, 2009. On March 16, 2009, the court entered its judgment of conviction. (Exhibit 9). Petitioner was sentenced to 120-300 months on count 1, and was sentenced to 60-180 months on count 2. (*Id.*). Count 2 was to run consecutive to count 1. (*Id.*). The court awarded 717 days of credit for time served. (*Id.*). Petitioner did not file a direct appeal.

On January 7, 2010, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 10). On July 12, 2010, the state district court entered an order denying the petition. (Exhibit 11). Petitioner filed a notice of appeal. (Exhibit 12). While his appeal was pending, petitioner filed a motion to withdraw his plea. (Exhibit 13). On December 13, 2010, the Nevada Supreme Court affirmed the judgment of the state district court, but remanded the matter to district court for correction of typographical errors in the judgment of conviction, to reflect that petitioner was convicted of burglary while in possession of a firearm (rather than burglary), and that he was sentenced to a minimum of 60 months and a maximum of 180 months. (Exhibit 14). The amended judgment of conviction was entered on January 5, 2011. (Exhibit 15). Remittitur issued on January 21, 2011. (Exhibit 16).

Petitioner mailed his federal habeas corpus petition to this court on January 11, 2011. (ECF No. 3, at p. 1). The federal petition contains two grounds. In ground 1, petitioner claims that the state district court violated NRS 173.095 by allowing the state to amend the information to add a new offense (burglary while in possession of a firearm). (ECF No. 3, at p. 3). In ground 2, petitioner alleges that his guilty plea was not knowingly entered because the state district court did not explain to him the legal elements of burglary while in possession of a firearm. (ECF No. 3, at p. 5).

## II. Discussion

Respondents move to dismiss ground 1 of the petition, claiming that is not exhausted, it fails to state a cognizable federal claim, and it was procedurally defaulted in state court.

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

In the instant case, ground 1 of petitioner's state post-conviction habeas petition is repeated verbatim in ground 1 of the federal habeas petition. (Exhibit 10, at p. 7; ECF No. 3, at p. 3). Petitioner presented this claim in his state post-conviction habeas petition and appeal. (Exhibits 10 & 12). The state district court's order denying the state post-conviction habeas petition confirms that petitioner raised this claim in his state habeas petition. (Exhibit 11, at p. 2). The Nevada Supreme Court's order further confirms that petitioner presented this claim in his appeal from the denial of his state post-conviction habeas petition. (Exhibit 14, at p. 2). Petitioner has adequately exhausted ground 1 of his federal habeas petition.

### B. No Cognizable Federal Claim

Respondents argue, in the alternative, that ground 1 of the federal habeas petition is not cognizable as a federal claim. NRS 173.095(1) provides that a criminal complaint may be amended at any time before a verdict is authorized. The application of NRS 173.095 is a question of state law. Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart*

1  *v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).  Petitioner has failed to demonstrate the existence of
federal law that was allegedly violated.  "Federal habeas corpus relief does not lie for errors of state
law . . . it is not the province of a federal habeas court to reexamine state court determinations of
state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quotations and internal citation omitted).
Ground 1 of the instant habeas petition does not present a cognizable federal claim for habeas corpus
relief.

### C. Procedural Bar

#### 1. Procedural Default Principles

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

4

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### 2. Application to the Instant Case

In the federal petition, petitioner claims that the state district court violated NRS 173.095 by allowing the state to amend the information to add a new offense (burglary while in possession of a firearm). (ECF No. 3, at p. 3). Petitioner made this same claim in his state habeas petition (Exhibit 10, at p. 7) and it was found to be procedurally barred by the Nevada Supreme Court. (Exhibit 14, at p. 2). The Nevada Supreme Court denied the claim on procedural grounds, because the "claim was outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea." (*Id.*). The Nevada Supreme Court found that, by pleading guilty in district court, petitioner limited his post-conviction claims under Nevada law, finding the claim barred by NRS 34.810(1)(a). (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this

case – NRS 34.810(1)(a) – is an independent and adequate state ground barring federal review. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

The same claim as presented in ground 1 of the federal petition was denied on adequate and independent state law grounds by the Nevada Supreme Court. Petitioner has not demonstrated cause and prejudice to excuse the procedural default, therefore, this ground is procedurally defaulted and barred from federal review. The only habeas ground that remains in this federal action is ground 2, in which petitioner alleges that his guilty plea was not knowingly entered because the state district court did not explain to him the legal elements of burglary while in possession of a firearm. (ECF No. 3, at p. 5).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss ground 1 of the federal habeas petition (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action **SHALL PROCEED** on ground 2 of the federal habeas petition.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the entry of this order, respondents **SHALL FILE AN ANSWER** to ground 2 of the federal habeas petition. **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner's reply to the answer shall be filed within **thirty (30) days** after being served with the answer.

DATED December 5, 2011.


_____
UNITED STATES DISTRICT JUDGE