UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELVIN L. JOHNSON,

   Petitioner,      2:11-cv-00072-JCM-VCF

vs.             **ORDER**

DWIGHT NEVEN, *et al.*,

   Respondents.

   This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the court on the merits of the petition.

**I. Procedural History**

   On April 12, 2007, the state filed an information charging petitioner with murder with the use of a deadly weapon. (Exhibit 5).[1] On December 30, 2008, the state filed an amended information charging petitioner with one count of second degree murder and one count of burglary while in possession of a firearm. (Exhibit 6). Also on December 30, 2008, a guilty plea agreement was filed, pursuant to which petitioner agreed to plead guilty to count 1, second degree murder, and count 2,

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 6 & 11).

burglary while in possession of a firearm, as set forth in the amended information. (Exhibit 7). Petitioner agreed to waive any defects in the pleading as to count 2 and stipulated that count 2 would run consecutively to count 1. The state agreed to argue for no more than five years on the low end of count 1. Both parties retained the right to argue on count 2. (*Id.*).

On February 12, 2009, petitioner's counsel filed a sentencing memorandum. (Exhibit 8). Petitioner was sentenced on February 17, 2009. (Exhibit 18). On March 16, 2009, the court entered its judgment of conviction. (Exhibit 9). Petitioner was sentenced to 120-300 months on count 1, and was sentenced to 60-180 months on count 2. (*Id.*). Count 2 was to run consecutive to count 1. (*Id.*). The court awarded 717 days of credit for time served. (*Id.*). Petitioner did not file a direct appeal.

On January 7, 2010, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 10). On July 12, 2010, the state district court entered an order denying the petition. (Exhibit 11). Petitioner filed a notice of appeal. (Exhibit 12). While his appeal was pending, petitioner filed a motion to withdraw his plea. (Exhibit 13). On December 13, 2010, the Nevada Supreme Court affirmed the judgment of the state district court, but remanded the matter to district court for correction of typographical errors in the judgment of conviction, to reflect that petitioner was convicted of burglary while in possession of a firearm (rather than burglary), and that he was sentenced to a minimum of 60 months and a maximum of 180 months. (Exhibit 14). The amended judgment of conviction was entered on January 5, 2011. (Exhibit 15). Remittitur issued on January 7, 2011. (Exhibit 16).

Petitioner mailed his federal habeas corpus petition to this court on January 11, 2011. (ECF No. 3, at p. 1). The federal petition contains two grounds. In ground 1, petitioner claims that the state district court violated NRS 173.095 by allowing the state to amend the information to add a new offense (burglary while in possession of a firearm). (ECF No. 3, at p. 3). In ground 2, petitioner alleges that his guilty plea was not knowingly entered because the state district court did not explain to him the legal elements of burglary while in possession of a firearm. (ECF No. 3, at p. 5).

Respondents filed a motion to dismiss ground 1 of the petition, along with exhibits 1 through 16. (ECF Nos. 5 & 6). By order filed December 5, 2011, the court dismissed ground 1 of the petition for failure to state a cognizable claim for federal habeas relief and as procedurally defaulted in state court. (ECF No. 9). The court set a deadline for respondents to file an answer to ground 2 of the petition. (*Id.*). On January 5, 2012, respondents filed an answer to ground 2 of the petition, along with supplemental exhibits 17 and 18. (ECF No. 11). On January 10, 2012, the court granted respondents' motion for late filing of the answer, and directed petitioner to file a reply within 30 days of the order. (ECF No. 12). Petitioner did not exercise his right to file a reply to the answer.

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).  The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).  In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

/ / / / / / / / / /

/ / / / / / / / / /

/ / / / / / / / / /

**III. Discussion**

In ground 2, petitioner alleges that his guilty plea was not knowingly entered because the state district court did not explain to him the legal elements of burglary while in possession of a firearm. (ECF No. 3, at p. 5). Petitioner asserts that his guilty plea is invalid because he never understood the elements of burglary, the records never informed him of any charge of burglary, and burglary was never a part of any complaint or the preliminary hearing. (*Id.*).

Under federal law, to be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady*, 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) (defendant's statements, made in open court at time of his plea, are entitled to great weight).

In this case, petitioner was charged with and bound over at preliminary hearing on the crime of first degree murder with the use of a deadly weapon. At the December 30, 2008, calendar call, petitioner agreed to plead guilty to second degree murder and burglary with the use of a deadly weapon, in exchange for the state's agreement to dismiss the first-degree murder with the use of a deadly weapon charge. (Exhibit 17). The guilty plea agreement provided that both parties would recommend a term of years on the second degree murder sentence, and retain the right to argue on the burglary while in possession of a firearm sentence, but the state would not argue for more than five years on the low end. Petitioner further agreed to waive any defects in the pleading as to count 2 (the burglary while in possession of a firearm charge) and stipulated to consecutive time between counts. (Exhibit 7).

5

At the calendar call on December 30, 2008, petitioner agreed to waive any defects in count 2, the burglary while in possession of a firearm charge. (Exhibit 17, at p. 2). Petitioner further stated at the calendar call that he had read and understood the guilty plea agreement, received a copy of the amended information, knew that the state had charged him with second degree murder and burglary while in possession of a firearm, and that he understood those charges, had discussed those charges with his lawyer, had all his questions about the plea answered to his satisfaction, and had no questions about the plea agreement. (Exhibit 17, at p. 8).

In the post-conviction habeas petition filed in state court, petitioner claimed that his guilty plea was invalid because he was not informed of the elements of burglary while in possession of a firearm. (Exhibit 10, at p. 8-9). The Nevada Supreme Court rejected the claim, as follows:

> In his petition, filed on March 16, 2009, appellant claimed that his guilty plea was invalid because he was not informed of the elements of burglary while in possession of a firearm, to which he pleaded guilty. Appellant's claim was belied by the record. The amended information, attached to the guilty plea agreement that appellant signed, set forth the elements of the charge, and appellant answered affirmatively when asked by the district court whether he understood the charges. Accordingly, the record as a whole indicates that appellant was informed of the nature of the charge. See State v. Gomes, 112 Nev. 1473, 1481, 930 P.2d 701, 707 (1996). We therefore conclude that the district court did not err in denying appellant's petition.

(Exhibit 14, at pp. 1-2). The Nevada Supreme Court's ruling was reasonable. Looking to what petitioner reasonably understood at the time of his guilty plea, this court finds that the guilty plea agreement and the amended information clearly informed petitioner of the elements of burglary in possession of a firearm. *See U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986). Reviewing both the guilty plea agreement (Exhibit 7) and the state district court's canvass of petitioner regarding his plea (Exhibit 17), this court finds that all provisions of the guilty plea were knowing, voluntary, and intelligent. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985); *U.S. v. Brady*, 397 U.S. 742, 748 (1970). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as

6

determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ground 2, the remaining ground of the federal habeas petition, is without merit.

**IV. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's denial of the petition debatable or wrong. The court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the federal petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 28th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE